CASE 10—BASTARDY—JUNE 4.

# Riggen vs. Commonwealth.

APPEAL FROM FLEMING COUNTY COURT.

1. In bastardy proceedings in a county court, the act of November 19th, 1851 (1 *Stanton,* 232), authorizes the circuit judge, on proper notice, affidavits, &c., to grant a change of venue from the county court to the circuit court of the same county, or of the nearest county to which no valid objections apply.

2. When a change of venue is desired by the defendant, or has been granted by the circuit judge, in a case of bastardy from a county to a circuit court, the defendant is entitled to a continuance at the first trial term thereafter, so as to enable him to make the order granting the change of venue effectual, by filing the same at least thirty days before the next term of the court. This is the only way in which the change of venue, in such cases, can be made effectual under the provisions of the acts of 1815 and 1851; and if the expenses incident

to the removal are not paid before the ensuing term of the county court, so as to authorize the clerk to remove the papers, the order granting the change of venue would become a nullity.

3. In a bastardy proceeding, the bond of the defendant having been forfeited for non-appearance, *the forfeiture should have been set aside* when the defendant appeared the next day and showed a reasonable excuse for his non-appearance, and not a willful default.

TURNER and
REID & REID,                       For Appellant,
CITED—

*Act of Feb.* 3, 1815; *M. & B.*, 2d vol., 1524–7.
*Act of Nov.* 19, 1851; 1 *Stanton*, 232.
3 *Met.*, 4; *Commonwealth vs. Runnion.*
1 *Duvall*, 93; *Cooper vs. Poston.*
1 *Littell*, 262; *Shearer vs. Clay.*
*Hardin*, 154; *Owens vs. Owens.*
3 *Marshall*, 546–7; *Brooks vs. Clay.*
1 *Marshall*, 436; *Baker vs. Hopkins.*

JOHN RODMAN, Attorney General,
A. E. COLE, JAMES W. ANDERSON,
THOMAS METCALFE, B. A. SEANER, and
WILL. H. WINN,                  For Appellee,
CITED—

*Act of June* 3, 1865; *Act of Feb.* 3, 1815.
*Act of Nov.* 19, 1851; *Act of Feb.* 6, 1819.
*Hardin*, 224–5; *Shipp vs. Gale.*
*Criminal Code, sec.* 89; *Civil Code, sec.* 28.
*Act of March* 1, 1860.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This was a proceeding in bastardy, instituted in the Fleming county court by Virginia Robertson, in the name of the Commonwealth, against appellant, charging him with being the father of her illegitimate child.

Riggen vs. Commonwealth.

Having entered into a recognizance to appear in said county court to answer the charge, &c., in the sum of two thousand dollars, he applied to the judge of the eleventh judicial district, at chambers, upon notice, for a change of venue: both parties appeared, the mother resisting the application; but the judge ordered a change of venue from the Fleming county to the Montgomery circuit court.

This order was not filed with the Fleming county clerk until the day of trial, nor until after the cause was called; the county court judge disregarded it, and called the defendant on his recognizance, and entered judgment on his non-appearance for the penalty of two thousand dollars. The next morning the defendant appeared in court and filed his affidavit, setting out that, after the circuit judge had granted the order changing the venue, he was advised, both by his counsel and the judge, that the Fleming county court had nothing further to do with the case, and his attendance was unnecessary; that, but for this, he should have been present to respond to the charge, and that he was then ready to enter into any further recognizance; that there was much excitement against him in the county, and that he feared violence and secret injury, and could not have a fair trial therein; and for these reasons, he moved to set aside the judgment, which was overruled, and he prosecutes this appeal.

The right of the circuit judge to make the order of change of venue, is predicated on the act of November 19, 1851 (1 *Stant. Rev. Stat.*, 232), which authorizes the circuit judge, upon proper notice, affidavits, &c., to change the venue "of *any and all causes and motions pending in the county courts*," for the causes therein set out; and as this statute authorized the change into the

circuit court of the same county, or, if this would be improper, as shown by the affidavits, then into the circuit court of the · nearest county to which no valid objection should apply, it may be regarded as conferring jurisdiction upon the circuit courts, not only in bastardy, but all other cases upon these proceedings, and for the causes therein designated.

But, after this enactment, the Civil Code of Practice was adopted, and, as adjudged by this court in *Wigginton vs. Moss* (2 *Met.*, 39), as by section 875, " all statutes and all laws in force in this State, before the adoption of the Code, in any case provided for by the Code, or inconsistent with its provisions, were repealed and abrogated by its adoption," we must ascertain whether, by any subsequent enactment, this act of 1851 has been repealed. By subdivision 4, section 28, Civil Code, the county court has jurisdiction in cases of bastardy ; and, by an amendment of March 1, 1860, to section 20, Civil Code, the circuit courts have appellate jurisdiction of the judgments and final orders of county courts in bastardy cases ; and, by another enactment of June 3, 1865, to " reduce into one the .bastardy laws of this Commonwealth " (*Myers' Supplement*, 62), it is provided by section 12, that " if the adjudged father shall appeal, or prosecute a writ of error, with *supersedeas*, to the court of appeals, from the decision of the county court, and the decision shall be affirmed, the sureties in the appeal or *supersedeas* bond shall be liable for all the father has been adjudged to pay, and also the costs and ten per centum damages," &c.; and, by section 14, " this act shall apply to judgments heretofore rendered upon forfeitures, which have not yet been collected ; and *acts and parts of acts inconsistent herewith are hereby repealed*."

Riggen ·vs. Commonwealth.

Whilst there can be no doubt that this act repealed all laws inconsistent with its provisions, yet still the embarrassing question remains, if there should be shown a legal reason why the county court should not try the cause, by what means, and to what court, is there to be a change of venue? This act makes no provision for such cases, nor does the Civil Code of Practice. Then, either the act of 1851 is still in force, else there is no change of venue from the county courts authorized, for any cause, however patent.

And, even if the laws authorizing a special judge should, by a most liberal intendment, be construed to apply where the party objects to the regular county judge, yet, when the objection applies to the influence of the adverse party, or odiousness of himself, or cause of the petitioner, there would be no relief, only by a change to some other county and court.

Not only has the genius of the common law always sought impartial forums, free from prejudice and partiality, where impartial justice could be administered, but the pervading spirit of our constitutional government sanctifies, protects, and preserves this spirit of evenhanded justice, which finds action and utterance in our statutory enactments, and no man is more bound to go to trial before a prejudiced or partial inferior tribunal than before those forums of more dignity, more learning, more character, and more jurisdiction.

As this act of 1851, for proper cause, authorizes the change of venue from the county court, and vests its original jurisdiction in the circuit courts, either of the same or some contiguous county, we cannot see that the constructive repeal of the appellate jurisdiction of the circuit courts, by the direct appeal to this court, as provided by the enactment of 1865, either literally or con-

structively repeals the original jurisdiction conferred by said enactment of 1851, in that peculiar class of cases founded on a change of venue from the county courts, there being no conflict in the several enactments as to this, even if it be conceded that the twelfth section of the act of 1865, and the amendment to section twenty, Civil Code, be in conflict, which we do not now decide, because not necessary to this case.

Appellant, then, had a right to presume that the county court would not proceed to trial, not only because the law secured to him a right of change of venue, but because the circuit judge had adjudged to him an order changing the venue; and even if he had not taken all the essential steps to perfect this order, as it was only made the Saturday previous to the setting of the Fleming county court, on the following Monday, connected with his apprehension of personal and private violence, it was an exceedingly harsh and rigid practice to hold him to the forfeiture when he made his appearance on the following day of the term; and to require his sureties to enter into a new recognizance to abide and pay the judgment of the court before said judgment of forfeiture should be released, under the provision of section five of the act of 1865, which requires even then that he shall pay the costs and thirty per centum on the judgment of forfeiture to the county attorney, amounting in this case to six hundred dollars, seems to be unauthorizedly rigid.

This statute, like all others, must have a reasonable construction; and when a defendant shows a reasonable excuse for non-appearance on the day, and not a willful default, the judgment should be set aside.

Suppose a defendant should start from his home in good faith and reasonable time to appear in accordance with his recognizance, but should on the road be taken

so ill as to prevent his appearance, or some other unforeseen casualty, over which he had no control, detain him, on this being presented in proper manner and time to the court, can there be any doubt but that the forfeiture in such case should be set aside without the heavy infliction of thirty per cent. on the judgment? For this error, the judgment must be reversed.

But it will be essential to determine whether this order of change of venue should now be enforced, or whether it should be regarded as a nullity. It is insisted that there are two fatal objections to it, even under the act of 1851 and that of 1815, which it revives:

1. Because the order was not granted and lodged in the Fleming county court thirty days before the term to which the cause stood for trial.

2. Because the expenses incident to the change of venue had not been paid.

The act of 1851 provides that the change of venue shall be granted in the manner, under the limitations, and for the causes prescribed by the act approved February 3, 1815. (2 *Morehead & Brown's Stat. Laws*, 1524.) By section 7 of said statute it is provided, that the venue in no case shall be changed, unless the party who prays the same shall deposit the order of the judge removing the same, together with the petition and affidavit aforesaid, with the clerk having the custody of the papers, at least thirty days before the court to which such suit shall be set for trial.

This statute was not intended originally to apply to county, but circuit courts; hence, the language of this section, if literally and rigidly construed, would defeat all changes of venue from the county courts, as their terms are rarely over thirty days apart, at least not a sufficient additional time to allow the obtainment and

---

---

filing the order; and in this very case there was only thirty-one days between the date of arrest and the following term of the county court, making it impossible to give notice, obtain the change, and file the order thirty days before the first trial term. But it is provided by the preceding section, that a wish for a change of venue shall be good ground for a continuance, if the application is made at the term to which the process is returned executed, accompanied with an affidavit that the party does verily believe he cannot have a fair trial, owing to some one or more of the causes designated.

In this case, it was perfectly apparent to the court that the party wished a change of venue for one or more of the enumerated causes, and. that he had been successful in obtaining it, but had not filed it until that day; still he objected to the court's proceeding to trial. The court should then have continued the cause, when the order would have been effective, as being filed at least thirty days before the next term; and this is, perhaps, the only way in which a change of venue from the county court can be made available under the several provisions of the acts of 1815 and 1851.

By section 2 of the act of 1815, the expenses of the removal are to be paid by the party seeking the change of venue, and the clerk is entitled to have this before he delivers the papers for removal; but the law does not require this to be paid upon filing the order, nor does the validity of the order changing the venue depend on this; but, as provided in section 12, if the order changing the venue, with the necessary expenses, shall not be filed by the party obtaining it before the next term, where the suit is depending, it shall be null and void, and no clerk shall obey it.

Riggen vs. Commonwealth.

We think, then, that a reasonable construction of these two acts, when to be applied to county courts, is, that the desire to obtain a change of venue, more especially the actual obtainment of the order, should entitle the party to a continuance in the county court at the first trial term, so as to render the order effective ; and then, if it shall not be filed, or if filed as provided, and the expenses shall not be paid before the ensuing term of the county court, so as to authorize the clerk to remove the papers, the order becomes a nullity.

It will result, as a consequence of these views, that appellant can pay the expense and have said papers removed, after a return of this cause, at any time before the ensuing term after the entering of this mandate in the Fleming county court.

Wherefore, the judgment of the Fleming county court is reversed, with directions for further proceedings as herein indicated.